UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONISHA SAUCIER, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) **Case No.:** |
| v | ) <br> ) **COMPLAINT AND DEMAND FOR** |
| CREDIT ONE BANK, | ) **JURY TRIAL** <br> ) |
| Defendant. | ) |

## COMPLAINT

RONISHA SAUCIER ("Plaintiff"), by and through her attorney, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against CREDIT ONE BANK. ("Defendant"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Telephone Consumer Protection Act 47 U.S.C. § 227 *et seq*. ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut; therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

### PARTIES

5. Plaintiff is a natural person residing in New Haven, Connecticut 06511.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a business entity that conducts business in the State of Connecticut and maintains its headquarters at: 585 Pilot Road, Las Vegas, Nevada 89119.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that she has had for more than one year.

11. Plaintiff does not have an account with Defendant.

12. Plaintiff never furnished Defendant with her cellular telephone number and never authorized Defendant to call her cellular telephone.

13. Beginning in or about July 2015, and continuing through September 2015, Defendant called Plaintiff on her cellular telephone looking for an unknown third-party identified as "William."

14. Plaintiff is not "William" and does not know anyone by that name.

15. Upon the parties' initial communication, Plaintiff informed Defendant that it was calling the wrong person and that she did not know anyone by the name of "William."

16. Further, Plaintiff instructed Defendant to stop calling her on her cellular telephone.

17. However, Defendant failed to update its records to restrict calls to Plaintiff's cellular telephone.

18. When calling Plaintiff, Defendant used an automatic telephone dialing system,

automated message and/or prerecorded voice.

19. Defendant's telephone calls to Plaintiff's cellular telephone were not made for "emergency purposes."

20. Plaintiff knew that she was receiving automated calls and messages, as Defendant left voicemail messages on her cellular telephone that sounded like an automated recording as it was a computerized voice, not the voice of a real person.

21. Defendant never had consent from Plaintiff to call Plaintiff's cellular telephone number as Defendant was calling the wrong person.

22. Defendant's calls were so persistent that Plaintiff was forced to block the number.

23. Nevertheless, Defendant continued to contact Plaintiff. Most recently, Defendant called Plaintiff on September 18, 2015.

24. Upon information and belief, Defendant conducts business in such a manner which violates the Telephone Consumer protection Act.

## DEFENDANT VIOLATED THE
## TELEPONE CONSUMER PROTECTION ACT

### COUNT I

25. Defendant's conduct violated the Telephone Consumer Protection Act.

26. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

27. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

28. Despite the fact that Defendant was calling Plaintiff's cellular telephone looking for the wrong person and had knowledge of this meant Plaintiff never consented to Defendant placing calls to her cell phone.

29. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

30. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

31. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, RONISHA SAUCIER, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500 per telephone call pursuant to 47 U.S.C. § 227(b)(3) or alternatively that amount for all calls made after Defendant was notified that they were calling the wrong person and wrong number; and

    d. Any other relief deemed appropriate by this Honorable Court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## DEMAND FOR JURY TRIAL

    PLEASE TAKE NOTICE that Plaintiff, RONISHA SAUCIER, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

RONISHA SAUCIER
By her Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: December 14, 2014